UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

IN RE PROPECIA (FINASTERIDE)                          12-MD-2331 (JG) (VVP)
PRODUCT LIABILITY LITIGATION

_____

|                                                      |                          |
| ADAM KEUNE, ET AL.,                                  | ORDER                    |
|                              Plaintiffs,             | 12-CV-2049 (JG) (VVP)    |
|                                                      |                          |
|                   – versus –                         |                          |
|                                                      |                          |
| MERCK & CO., INC. and                                |                          |
| MERCK SHARPE & DOHME                                 |                          |
| CORP.,                                               |                          |
|                              Defendants.             |                          |

JOHN GLEESON, United States District Judge:

This case was originally filed in the Twenty-Second Judicial Circuit Court of

Missouri by fifty-four plaintiffs who allege personal injuries as a result of their or their spouses'

use of PROPECIA® ("Propecia") or PROSCAR® ("Proscar").  The defendants – Merck & Co.,

Inc. and Merck Sharpe & Dohme Corp. ("defendants") – removed the action to United States

District Court for the Eastern District of Missouri based on diversity jurisdiction under 28 U.S.C. §

1441(b) and 28 U.S.C. § 1332.  In their notice of removal, the defendants acknowledged that three

of the fifty-four plaintiffs – Salvatore Canonico, Eddy Micich, and Alan Riccardi – are residents of

New Jersey and therefore not diverse from them.  However, they argued that the inclusion of these

three plaintiffs constituted "fraudulent misjoinder,"[1] thus these plaintiffs ought to be severed from

the action.  The plaintiffs disagreed and filed a motion to remand the action to state court on

account of the lack of complete diversity among the parties.  The case was later transferred to this

Court for consolidated pretrial proceedings pursuant to an order of the United States Judicial Panel

on Multidistrict Litigation ("MDL Panel").  Order of MDL Panel, ECF No. 19.

---

[1]     Fraudulent misjoinder occurs when a plaintiff attempts to defeat federal jurisdiction by "merely joining as
defendants parties with no real connection with the controversy."  *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459,
460 (2d Cir. 1998).

On June 6, 2013, I found that the inclusion of Canonico, Micich, and Riccardi constituted "fraudulent misjoinder." *See* Order, June 6, 3013, adopting Report & Recommendation, ECF No. 63. Accordingly, I granted the defendants' motion to sever Canonico, Micich, and Riccardi. On June 12, 2013, I issued a Suggestion of Remand, inviting the MDL Panel to remand these plaintiffs' claims to the Missouri state court. However, after consulting with Jeffrey N. Lüthi – the Clerk of the MDL Panel – I conclude that this Court has authority to effectuate the remand. As such, the Suggestion of Remand is withdrawn, and the Clerk of this Court is respectfully directed to remand the claims of plaintiffs Salvatore Canonico, Eddy Micich, and Alan Riccardi to the Twenty-Second Judicial Circuit, City of Saint Louis, Missouri.

So ordered.

_____
John Gleeson, U.S.D.J.

Dated: July 11, 2013
      Brooklyn, New York